UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Amos Davis,<br><br>   Plaintiff<br><br>v.<br><br>Allo Communications LLC, et al.,<br><br>   Defendants | Case No. 2:25-cv-00802-CDS-EJY<br><br>**Order Granting Plaintiff's<br>Motion to Remand**<br><br>[ECF No. 6] |

  This negligence action arises out of an underlying motor vehicle accident originally filed in the Eighth Judicial District Court of Clark County, Nevada, on March 20, 2025. Defendants Ricardo Contreras and Allo Communications LLC filed a notice of removal on May 7, 2025. Notice, ECF No. 1. Davis now moves for remand because the defendants removed more than thirty days after they were served with the complaint. Mot., ECF No. 6. Because the defendants fail to show by a preponderance of the evidence that removal was proper, the motion to remand is granted.

I.  **Legal standard**

  A defendant may remove a civil action from state to federal court if jurisdiction originally would lie in federal court. 28 U.S.C. § 1441(a). Notice of removal must be filed within 30 days. *See* 28 U.S.C. § 1446(b). The removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If removal is based on diversity jurisdiction, 28 U.S.C. § 1441(b), the removing defendant must demonstrate complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is a "strong presumption" against removal jurisdiction, which requires remand "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566–67. The Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of

removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Matheson*, 319 F.3d at 1090 (citation omitted). Removal is proper "'if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).

II. Discussion

Davis filed her complaint in state court on March 20, 2025, and served Contreras on April 3, 2025, and Allo on April 4, 2025. Pl.'s Ex. 2, ECF No. 6-2 at 4; ECF No. 6-3 at 4. Defendants removed the case on May 7, 2025. ECF No. 1. Neither party disputes that this case meets the requirements for diversity jurisdiction. Instead, Davis moves to remand on the basis that the defendants' removal was untimely. ECF No. 6.

Defendants were admittedly served on April 3, 2025, and April 4, 2025. ECF No. 1 at ¶ 2. In their notice of removal, the defendants explained that diversity was complete because Davis is a citizen of Nevada, Allo is a corporation with its principal place of business in Nebraska, and Contreras is a citizen of Arizona. *Id.* at ¶ 4. Defendants also assert that the sum of the damages alleged by Davis exceed $75,000 because she prays for the recovery of general damages in excess of $15,000, and for unspecified special damages, damages for lost wages and loss of earnings capacity, attorney's fees, and more. *Id.* at ¶ 6. Defendants relied on "various medical records" provided by Davis "[p]rior to the filing of the Complaint." *Id.* at ¶ 8. Defendants stated that "removal was not filed timely" because "counsel was not able to confirm Defendants' respective citizenships until May 7, 2025." *Id.* at 10.[1]

Davis's remand motion emphasizes that the defendants admit removal was untimely. *Id.* at 5 (citing ECF No. 1). Davis argues that the face of the complaint clearly alleges complete diversity between the parties. *Id.* Davis also states that the defendants admitted knowledge

---

[1] Defendants are charged with knowledge of their own citizenship. *Serra v. Huckins*, 2022 U.S. Dist. LEXIS 192774, *6 n.2 (C.D. Cal. Oct. 21, 2022) (citing *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1064 (C.D. Cal. 2014) ("[A] corporate defendant, like any other, is presumed to know its own citizenship.").

regarding the value of Davis's claim means the time for filing the notice of removal started to run upon service of the complaint. *Id.*

In their opposition, the defendants do not attempt to defend or explain the statement in their removal notice that removal was untimely. Instead, they allege that removal was timely because the face of the complaint does not indicate the amount in controversy exceeds $75,000. ECF No. 10 at 3. The defendants argue that Davis's suggestion that "they knew Plaintiff's claim 'far exceeded $75,000' due to various medical records produced prior to litigation" is contrary to law. *Id.* They rely on *Carvalho v. Equifax Info. Servs., LLC* to assert that "any document received prior to receipt of the initial pleading cannot trigger the thirty-day removal period." *Id.* at 4 (citing *Carvalho*, 629 F.3d 876, 886 (9th Cir. 2010)). The defendants' assertion is true. *Carvalho* rejected the notion that a "pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods." 629 F.3d at 886. However, this hybrid trigger period is exactly what the defendants attempt to create here. Defendants cannot have their cake (first use prelitigation documents to assert the amount in controversy is met) and eat it too (later argue that prelitigation documents did not trigger removal).

Defendants removed the case on May 7, 2025—thirty-two days after the effective date of service.[2] They argue that Davis has not identified an amended pleading, motion, order or other paper which would trigger the second clock for removal. ECF No. 10 at 4. However, in a case that has been removed from state court based on diversity jurisdiction, the defendant bears the burden of showing by a preponderance of the evidence that removal is proper. *Gaus*, 980 F.2d at 566–67. Once Davis raised the issue of the timeliness of the defendants' removal, it was incumbent on them to provide "summary judgment type evidence" to establish by a

---

[2] Defendants notice of removal was due on or before May 5, 2025. When computing any time period stated in days, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(c). Here, May 3rd and 4th fell on a Saturday and Sunday making the deadline the end of the next day, May 5, 2025.

3

preponderance of the evidence that removal was proper. *See, e.g., Garcia v. Wal-Mart Stores Inc.*, 207 F. Supp. 3d 1114, 1121 (C.D. Cal. 2016) (noting that defendant is required to put forward "summary-judgment type evidence" to meet its burden on removal). Yet the defendants provide no chain of reasoning and certainly provide no real evidence to support their contention that the case became removable on May 7. Although I agree that removability is not apparent on the face of the complaint, the defendants do not identify any other document or clarify any timeline they are relying on to demonstrate when removal was "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021). In short, the defendants have not satisfied the burden of establishing that removal was proper and timely. I therefore follow the Ninth Circuit's guidance on the presumption against removal jurisdiction and remand this matter to state court.

### III. Conclusion

IT IS THEREFORE ORDERED that plaintiff's motion to remand **[ECF No. 6]** is **GRANTED**. The Clerk of Court is kindly instructed to remand, Case No. A-25-915082-C, to the Eighth Judicial District Court, Department 20, and to close this case.

Dated: September 22, 2025

_____
Cristina D. Silva
United States District Judge